CLARENCE E. McMANUS, Judge.
12This is an appeal by David Schmidt from the trial court’s judgment concerning the custody of his daughter. For the reasons which follow, we affirm the trial court’s judgment.

STATEMENT OF THE CASE

Robyn and David Schmidt obtained a judgment of divorce on April 27, 2004. The parties had one daughter during their marriage. Prior to the judgment of divorce, the parties signed a joint custody implementation plan setting forth their custody arrangements. They agreed to joint and shared legal custody with Ms. Schmidt as the primary domiciliary parent and Mr. Schmidt having visitation with the child every other weekend.
After Hurricane Katrina, Mr. Schmidt’s job schedule, as a truck driver with R & L carriers, changed. In response, Mr. Schmidt filed a motion to correct calculation error and for modification of visitation. Mr. Schmidt requested modification of visitation because he was no longer traveling out of state for work. Mr. Schmidt contended he had been picking his daughter up from school every day and keeping her until Ms. Schmidt arrived home from work. Mr. Schmidt |arequested that he be *1277 allowed to pick up his daughter from school Mondays, Wednesdays, and Fridays and have visitation until 6:00 p.m., when he would go to work. At that time, Ms. Schmidt was working late and Mr. Schmidt was working nights only from 7:80 p.m. until 5:00 a.m.
On February 26, 2008, Ms. Schmidt and Mr. Schmidt entered into a consent judgment which provided that Mr. Schmidt would have visitation with the child on alternating weekends, every Monday after school until 8:00 p.m., and every day after school in the months of October, November, December, March and April until 5:30-6 p.m. Ms. Schmidt worked longer hours in these months, so this schedule accommodated her work schedule.
In 2009, Mr. Schmidt married Kellie Schmidt. He was then able to pick up his daughter from school and she could spend the night at his home after he left for work at 7:30 p.m. On September 27, 2010, Mr. Schmidt filed a Motion to Modify Custody and Visitation alleging Ms. Schmidt’s work schedule had changed and the parties had voluntarily changed the custody schedule. Mr. Schmidt contended that since January 2010, he had picked up his daughter almost every day from school and returned her to Ms. Schmidt’s before he went to work. Mr. Schmidt contended this was disruptive and he requested that he be allowed to have the child spend the night when he picked her up from school, so he would have equal time with the child.
On October 20, 2010, Ms. Schmidt filed an answer to Mr. Schmidt’s motion and a Rule to Modify Child Support, Modify Visitation, and Authorize a Change of Schools. Ms. Schmidt had begun working at Sacred Heart Academy and was no longer working long hours. Therefore, she had a set schedule and was able to pick her daughter up from school. A hearing was held on February 2, 2011. The trial court granted the motion to modify custody and visitation filed by both parties. 14The trial court granted shared joint legal custody to both parents with Ms. Schmidt as the domiciliary parent. Mr. Schmidt was granted physical custody every other weekend and beginning February 7, 2011, he was granted custody during the week after his weekends, on Monday, Tuesday, and Wednesday from after school until 7:30 p.m. Beginning February 14, 2011, he would have physical custody on Monday, Tuesday and Wednesdays from after school until 7:30 p.m. Mr. Schmidt now appeals this judgment.

DISCUSSION

On appeal, Mr. Schmidt argues the trial court erred in not applying LSA-R.S. 9:335 and the trial court abused its discretion in denying equally shared physical custody solely on the basis that he works at night. Therefore, the issue before us on appeal is whether Mr. Schmidt should be allowed equally shared physical custody, including overnights during the week.
The court shall award custody of a child in accordance with the best interest of the child. LSA-C.C. art. 131. LSA-C.C. art. 134 provides the relevant factors for the court to consider in determining the best interest of the child. LSA-R.S. 9:335(A)(2)(b) provides, that to the extent feasible and in the best interest of the child, physical custody of the child should be shared equally. Yet, when the trial court finds that a decree of joint custody is in the best interest of the child, the statute does not necessarily require an equal sharing of physical custody. Chandler v. Chandler, 45,308 (La.App. 2 Cir. 5/19/10), 37 So.3d 569, Semmes v. Semmes, 45,006 (La.App. 2 Cir. 12/16/09), 27 So.3d 1024. Substantial time, rather than strict equality of time, is mandated by the legislative *1278 scheme providing for joint custody of children. Id.
The trial court has vast discretion in deciding matters of child custody and visitation. Gaydon v. Gaydon, 45,446 (La.App. 2 Cir. 5/12/10), 36 So.3d 449, |5Slaughter v. Slaughter, 44,056 (La.App. 2 Cir. 12/30/08), 1 So.3d 788. Generally, the determination by the trial court regarding child custody is entitled to great weight and should not be disturbed on appeal absent a clear abuse of discretion. Id., Pender v. Pender, 38,649 (La.App.2d Cir.5/12/04), 890 So.2d. 1.
In its oral reasons for judgment, the trial court stated that the only reason Mr. Schmidt was not getting shared custody was because he is not home at night and there is a preference for a biological parent to have custody. The trial court pointed out that this was not a reflection that the trial court felt Mr. Schmidt was not doing a good job with his daughter, but it was only a matter of his job placing limitations on his ability to have physical custody.
Mr. Schmidt works nights, leaving home around 7:30 p.m. and returning around 6:00 a.m. He argued that his wife is available and at the home while his daughter is sleeping. He claims he is able to spend time with his daughter from 3:00 p.m. when he picks her up at school, until 7:30 p.m. when he leaves for work, and again in the morning over breakfast and when taking her to school. Ms. Schmidt is now working a set schedule and is also available to pick up her daughter after school. The trial court set forth an extensive custody schedule in which Mr. Schmidt is given physical custody of his daughter several afternoons a week until 7:30 p.m. when he must go to work.
Mr. Schmidt argues on appeal that the trial court erred in not applying La. R.S. 9:335. We disagree and find the trial court correctly applied LSA-R.S. 9:335 and allocated the time periods during which each parent shall have custody of the child so that the child is assured of frequent and continuing contact with both parents. The trial court’s judgment sets forth the specific days Mr. Schmidt is to have physical custody of his daughter. Some weeks he shall have custody three | (¡afternoons a week and others two days a week, until 7:30 p.m., which is the time he reports to work.
Mr. Schmidt argues that he should have equal physical custody that includes overnight stays during the week. The statute states that to the extent feasible, and in the best interest of the child, physical custody of the child should be shared equally. After reviewing the testimonies presented in this case, we find the trial court’s custody schedule is in the best interest of the child. Therefore, we find the trial court was not manifestly erroneous in its judgment awarding joint custody, with Ms. Schmidt as domiciliary parent and visitation for Mr. Schmidt, even though it does not provide for equally shared physical custody. Thus, we affirm the trial court’s judgment.

AFFIRMED